**UNITED STATES of America,
Plaintiff—Appellee**

v.

**Jose JURADO, Defendant—Appellant**

No. 99–50148.
D.C. No CR–98–00187–LGB.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 14, 2001.

Decided Nov. 27, 2001.

Before B. FLETCHER, T.G. NELSON and BERZON, Circuit Judges.

### MEMORANDUM [*]

Jose Jurado made two motions to suppress evidence prior to the trial that resulted in his conviction: one concerning drugs seized in an automobile search, and another concerning a secretly recorded conversation with his brother and co-defendant. Because the parties are familiar with the facts, we will not repeat them in further detail. We affirm the denial of both motions to suppress.

■ The district court did not commit clear error in finding that Jurado consented to the automobile search. Jurado verbally agreed to the search and signed a consent form. There is some ambiguity in the record about whether the officer possessed Jurado's identification card at the time the officer asked for consent. But the same portion of the record establishes that the officer told Jurado that he was "free to leave" before asking for consent to search. Voluntary consent to search is a factual determination, reviewed for clear error. *United States v. Cormier,* 220 F.3d 1103, 1112 (9th Cir.2000). We cannot find any clear error here. Given the district court's finding of voluntary consent, defendant's motion to suppress was appropriately denied.

■ The district court was also correct in denying defendant's motion to suppress the secretly recorded conversation between defendant and codefendant in the back of a patrol car. The contents of the conversation evince the absence of a subjective expectation of privacy. Defendants wondered out loud whether they were being taped. Fourth Amendment protection does not apply where there is no subjective expectation of privacy. We therefore do not reach the question of whether there is an objective expectation of privacy in a patrol car.

■ Fifth Amendment protection is equally inapplicable. "[A] necessary element of compulsory self-incrimination is some kind of compulsion." *Hoffa v. United States,* 385 U.S. 293, 304, 87 S.Ct. 408, 17 L.Ed.2d 374 (1966). Because Jurado was not forced to say anything, his statements do not constitute compulsed self-incrimination.

The judgment of the district court is AFFIRMED.

[*] This disposition is inappropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.